IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:07-466 (CMC) |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Toriano Holvey Blocker, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018. ECF No. 198.[1] The United States Probation Office filed an Amended Sentence Reduction Report ("SRR") (ECF No. 200), indicating Defendant is eligible for relief as to Count 5, conspiracy to distribute 5 grams or more of cocaine base, as his statutory range has changed from 10 years to Life imprisonment to not more than 30 years. *See* Amended SRR at 2. The SRR further notes he is eligible for a reduction of supervised release. *Id.* The Government agrees Defendant is eligible for a reduction as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

The parties disagree, however, as to the applicable guideline range. The Government asks the court issue an amended judgment reducing Defendant's custodial sentence to no less than 228 months followed by a term of supervised release of five to six years, as reflected in the Amended SRR (reflecting guideline range of 228-270 months). Defendant argues he is no longer a career

---

[1] Defendant filed a pro se motion for relief. ECF No. 193. The Federal Public Defender's Office thereafter filed an additional response in support. ECF No. 198.

offender, and that his guideline range is 195-228 months. He seeks a reduction to 170 months (110 months as to Count 5 plus 60 months as to Count 3).

## **Background**

Defendant pled guilty to the lesser-included charge of conspiracy to possess with intent to distribute 5 grams or more of cocaine base (Count 5) and use, carry and possession of a firearm in furtherance of a drug trafficking crime (Count 3). ECF Nos. 103 (Plea Agreement); 165 (Rule 11 Transcript). Defendant was sentenced on April 22, 2008 to 270 months, consisting of 210 months as to Count 5 and 60 months as to Count 3, to run consecutively. ECF No. 149. At sentencing, Defendant faced a guideline range of 352-425 months consisting of a range of 292 to 365 months as to Count 5 (cocaine base) plus 60 months as to Count 3 (924(c)). ECF No. 162 at 16. The court granted a motion for sentence reduction, which resulted in the guideline range for Count 5 dropping to 210 to 226 months. *Id.* at 21.

Thereafter the Court sentenced Defendant to 210 months on Count 5 and 60 months consecutive on Count 3. *Id*. Defendant is currently serving this 270-month sentence and he has been in continuous custody since May 4, 2007. ECF No. 194-1 at 2. He has served approximately 147 months.

## **Analysis**

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act. *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar. 14, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed

before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

The court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range for conspiracy to possess with intent to distribute 50 grams or more of cocaine base would have been not more than 30 years under 21 U.S.C. § 841(b)(1)(B). Defendant would have been subject to six years supervised release.

Defendant urges the court to grant a full resentencing, at which he may argue he is no longer a career offender. The court disagrees Defendant is entitled to a new sentencing hearing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant

3

. . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010) ([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by

4

statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., Davis*, 2019 WL 1054554, at *2; *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019); *United States v. Kamber*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant

need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B) is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Defendant is subject to a statutory maximum of 30 years and a supervised release term of six years. The court will consider the new statutory range, the advisory guideline range, the 18 U.S.C. § 3553(a) factors and any evidence of post-sentencing mitigation.

### **Application**

As noted above, Defendant's statutory range has changed from 10 years to Life imprisonment to not more than 30 years. His advisory guideline range is 228 to 270 months, inclusive of 60 months on the § 924(c) conviction. If sentenced today as a non-career offender, Defendant's guideline range would be 195-220 months.[2]

Defendant is currently serving a 270-month sentence consisting of 210 months on Count 5 and 60 months consecutive on Count 3. He has served approximately 147 months. Defendant's post-sentencing rehabilitation has been significant. He has had one minor disciplinary infraction in 12 years. He has taken advantage of educational and programming opportunities and has served as an education worker and tutor for over six years.

---

[2] Total Offense Level of 30, Criminal History Category IV for a guideline range of 135-168 months, plus a consecutive 60 months.

Defendant was 30 years old when he was sentenced in 2008. He is about to turn 42 years old. While his offense conduct was serious, his punishment has been significant.

After considering the reduced statutory range, the applicable guideline range, the factors in 18 U.S.C. § 3553(a), and post-sentencing mitigation, the court imposes a reduced sentence of 195 months, consisting of 135 months on Count 5, and 60 months consecutive on Count 3 as the court finds that this sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing. The total term of supervised release is six years, consisting of five years as to Count 3 and six years as to Count 5, to run concurrently.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
August 21, 2019